UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ) 
) Case No. 24bk17763
)
Kay F Thomas, )
) Chapter 13
)
Debtor. )
) Judge Timothy A. Barnes

ORDER TO SHOW CAUSE WHY AMERICAN CREDIT ACCEPTANCE
AND/OR COPART AUTO AUCTION SHOULD NOT BE REQUIRED
TO TURN OVER VEHICLE, PAY COSTS INCURRED BY THE DEBTOR AND BE
SANCTIONED FOR NONCOMPLIANCE WITH THE BANKRUPTCY CODE

THIS MATTER coming to be heard on the Debtor's Motion for Turnover [Dkt. No. 38] (the "Motion") on March 6, 2025 (the "Hearing"), the court having jurisdiction, with due notice having been given, the court being fully informed in the premises and for the reasons stated on the record at the Hearing;

NOW THEREFORE, IT IS HEREBY FINDS THAT:

A. The Debtor's Motion was sent to American Credit Acceptance and Copart Auto Auction ("Copart" and together with American Credit Acceptance, the "Respondents"); and

B. The Respondents having failed to appear at the Hearing to explain why the Debtor's 2018 Nissan Rogue (the "Vehicle") and the Debtor's personal property allegedly taken by the Debtors with the Vehicle have not been returned to the Debtor and remain in the possession of Respondents.

NOW THEREFORE, THE COURT HEREBY ORDERS THAT:

1. The court will conduct a further hearing regarding the alleged failure by the Respondents to return the Debtor's Vehicle in violation of the automatic stay under 11 U.S.C. § 362, the turnover of property to the estate under 11 U.S.C. § 542 and applicable law on March 20, 2025, at 11:00 a.m. (the "Show Cause Hearing") in Courtroom 744, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois or via Zoom.  Instructions for appearing by Zoom are available at the court's website (www.ilnb.uscourts.gov);

2. If the court determines at the Show Cause Hearing that either or both of the Respondents are in violation of the Bankruptcy Code, the court will order the offending party to pay actual and compensatory damages and will consider appropriate sanctions;

3. Absent a valid defense asserted by the Respondents at the Show Cause Hearing, failure to return the Vehicle and any personal property of the Debtor in a party's possession prior to

    the Show Cause Hearing will be considered a willful violation of the automatic stay and contempt of the statutory turnover requirements and will be addressed by the court with appropriate sanctions;

4. If the Vehicle is returned to the Debtor without the Debtor bearing additional costs, then any costs incurred by Copart for returning the Vehicle may be reduced from any potential damages determined at the Show Cause Hearing;

5. At the Show Cause Hearing, the Respondents shall appear and explain why the failure to return the Debtor's Vehicle, and to the extent applicable any of the Debtor's personal property in a party's possession, is not a violation of the automatic stay under 11 U.S.C. § 362, the turnover of property to the estate under 11 U.S.C. § 542 and applicable law;

6. At the Show Cause Hearing, the Debtor may provide the court with what monetary damages she alleges to be owed on account of any actions or inactions taken by the Respondents with respect to the Debtor's Vehicle and any of the Debtors possessions within the Vehicle occurring after the Debtor filed her chapter 13 bankruptcy petition on November 26, 2024; and

7. The Respondents shall appear through counsel at the Show Cause Hearing. Failure to appear may result in damages being ordered by default.

Dated: March 6, 2025

ENTERED:

_____

Judge Timothy A. Barnes
United States Bankruptcy Court